Hon. Ralph I. Greenhouse County Attorney, Onondaga County
This is in response to the letter of J.C. Engelbrecht, Deputy County Attorney, requesting an opinion of the Attorney General as to whether or not a person holding the position of Onondaga County Recreation Director may hold a position on the Town Board of the Town of Dewitt in the County of Onondaga at the same time.
Mr. Engelbrecht stated in the request that the position of Recreation Director is a Civil Service competitive position of a general administrative nature involving the recreation programs of all the parks for the County of Onondaga.
Town Law, § 20(4), states that no person shall be eligible to hold more than one elective office; and County Law, § 411, provides that no elected county official shall be eligible to hold at the same time any other elective county or town office. Neither of these statutes would prohibit a county recreation director from filling a position on a town board.
We are also not aware of any other statutory or constitutional provision which would proscribe a person from holding both offices simultaneously.
It is a well-established principle of common law that a municipal officer may not be appointed to another office over which he has the power of appointment (Wood v Town of Whitehall, 120 Misc. 124, affd 206 App. Div. 786
[1923]). However, inasmuch as the county recreation director is a Civil Service competitive position at the county level, this is not a situation in which a town board member may be instrumental in his own hiring.
It does not appear that fully performing the duties of recreation director would prevent a person from also properly executing all the duties of a town board member.
We conclude, therefore, that a county recreation director may simultaneously serve on a town board of a town within the same county.